# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

                Petitioner,        :        Case No. 3:18-cv-289

   - vs -                             District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                              :

                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Gregory White brings this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his imprisonment in Respondent's custody. He alleges that his confinement is pursuant to the judgment of the Clark County, Ohio, Court of Common Pleas in its Case No. 2004-CR-574 (Petition, ECF No. 3, PageID 36, ¶ 1). The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases, which provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner pleads one ground for relief:

> **Ground One:** Being detained by Respondent after all maximum sentences have expired in violation of 14th Amendment Due Process Clause.
>
> **Supporting Facts:** Even though my maximum sentences have expired pursuant to Ohio Revised Code § 2929.41(A) respondent

1

> retains custody without jurisdiction in violation of [sic] Due Process Clause.

*Id.*. at PageID 40.

White reports that he presented this claim to the Madison County Court of Appeals, which denied relief in its Case No. CA-2017-05-013 on July 27, 2017, and that the Ohio Supreme Court declined appellate review in its Case No. 2017-1326. *Id.* at PageID 40-41. At ¶ 14 of the Petition, White reports he previously filed in this Court, regarding this conviction, a case captioned *White v. Brunsman*, No. 3:07-cv-26, which raised issues under *Blakely v. Washington*, 542 U.S. 296 (2004). *Id*. at PageID 46.

Asked by ¶ 18 of the prescribed form for habeas corpus petitions to explain why his Petition is timely, White writes:

> Petitioner is not challenging the underlying conviction in this case, but only that his maximum sentence has expired. Compare: *Magwood v. Patterson,* 561 U.S. 320, 130 S.Ct. 2788 (2010);
>
> In addition, the State court's precedural [sic] default holdings will not bar relief because accepting petitioner's initial allegation as true, he has presented a colorable claim that he is actually innocent of his sentence which would be a miscarriage of justice.

*Id.* at PageID 48.

**Prior History**

Gregory White has filed two prior habeas corpus cases in this Court. In Case No. 3:07-cv-026, White complained of the same underlying conviction raising *Blakely* issues. District Judge Timothy Black dismissed the Petition in that case with prejudice on July 9, 2010, and White took no appeal. *White v. Brunsman*, 2010 U.S. Dist. LEXIS 68305 (S.D. Ohio Jul. 9, 2010).

2

White filed a subsequent habeas corpus case in this Court, Case No. 3:15-cv-092, which he does not mention in his instant Petition. That Petition referred to the same underlying Clark County conviction. In that case he pled three grounds for relief:

> **Ground One:** Due Process violation in violation of 14th Amendment.
>
> **Supporting Facts:** Even though Petitioner served current ten (10) year sentence in full in case number 04-CR-574 which ended June 30, 2014, Respondent continues to maintain custody of Petitioner presumably for parole violation though no final parole revocation hearing has been ordered or held.
>
> **Ground Two:** Denial of due process – speedy trial rights.
>
> **Supporting Facts:** Respondent assessed Petitioner a three (3) year continuance on June 6, 2014 presumably for a parole violation which in effect was a delayed final revocation hearing which occurred more than nine (9) years after parole violator warrant was executed in violation of *Morrissey v. Brewer; Black Romano; Pollard v. United States,* 352 U.S. 354 (1957); *Barker v. Wingo,* (1972), 407 U.S. 514 and Ohio Revised Code 2967.15(B).
>
> **Ground Three**: Denial of Due Process and Equal Protection under 14th Amendment where Respondent violated separation of Powers Doctrine.
>
> **Supporting Facts:** Although by operation of State law (O.R.C. 2929.41(A)) Petitioner's old and new sentences were to be served concurrently with each other, Respondent re-opened trial court's judgment by causing multiple sentences to be served consecutively with each other without legal authority to do so.

(Petition in 3:15-cv-092, ECF No. 1.) District Judge Thomas Rose dismissed that case with prejudice. *White v. Richards*, 2015 U.S. Dist. LEXIS 134127 (S.D. Ohio Oct. 1, 2015). White appealed and sought a certificate of appealability from the Sixth Circuit, which that court denied in a reasoned opinion. *White v. Richard*, No. 15-4245 (6th Cir. May 9, 2015) (unreported; copy at ECF No. 22 in Case No. 3:15-cv-092).

# Analysis

**The Petition Must Be Transferred to the Circuit Court as Second or Successive**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a ban on second or successive habeas corpus petitions unless the circuit court of appeals granted permission to proceed. 28 U.S.C. § 2244(b). The instant Petition is Mr. White's third habeas application related to his 2004 Clark County conviction.

However, not every second-in-time habeas application is second-or-successive. *In re Wogenstahl*, No. 18-3287, --- F.3d ---- (6th Cir. Aug. 23, 2018) (slip op. at 4), citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2017); *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017);. Determination of whether a petition is second or successive must be made in the first instance by the district court. *In re: Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, No. 12-3399, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). District courts have no jurisdiction to decide second or successive petitions on the merits. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Once a district court determines a petition is second-or-successive, it must transfer the case to the circuit court for that court's determination of whether the case may proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

A habeas petition is not second-or-successive if it raises a claim that was not ripe when the prior petition was filed. *Wogenstahl, supra*, slip op. at 4, citing *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010). White's claim that he is being imprisoned beyond the expiration of his sentence could not have been raised at the time of his first petition in 3:07-cv-26, because the claim had not arisen at that time, nor did it arise at any time before dismissal of that case on July 9, 2010. All during

the pendency of that case, White was serving the ten-year sentence for his 2004 conviction.

However, the claim had arisen by the time he filed the Petition in Case No. 3:15-cv-092 on March 9, 2015. In fact, it appears that White's First Ground for Relief in the 2015 Petition is the same as or closely parallels his Ground for Relief in this case. If it is the same claim, then it must be dismissed under 28 U.S.C. § 2244(b)(1). But even if it is not the same claim, the claim plainly had arisen when the 2015 Petition was filed because the filing was beyond the expiration of the 2004 ten-year sentence.

Because, at the least, the claim made here was available to White when he filed in 2015, it constituted an abuse of the writ to fail to include it, and its pleading in the instant Petition constitutes an abuse of the writ, requiring a transfer. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). The case should therefore be transferred to the Sixth Circuit.

**Alternatively, the Ground for Relief is Procedurally Defaulted**

Habeas corpus petitions that challenge a conviction or sentence after the entry of an amended or new judgment in a case are not second-or-successive. *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015). The Petition here can be read as challenging the decision of the Madison County Court of Appeals, which denied White's state habeas corpus petition in 2017.

In Ohio, habeas corpus is the appropriate vehicle for challenging a decision of the Adult Parole Authority. Habeas is available to test a parole action when it results in person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), *citing In re Anderson*, 55 Ohio App. 2d 199 (8th Dist.. 1978); *State ex rel Lemmon v. Ohio Adult Parole Authority*, 78 Ohio St. 3d 186 (1997). White filed an original habeas corpus action in the

Twelfth District Court of Appeals to test his continued incarceration.

However, that court did not reach the merits of White's claim. Instead, it held that he had failed to attach to his petition "commitment papers pertaining to any grant of parole, parole revocation, or successful parole termination." *State ex rel. White v. Richard*, 12th Dist. Madison No. CA2017-05-013 (Jul. 27, 2017) (unreported; copy at ECF No. 3-2, PageID 56-57). Thus, it appears White procedurally defaulted in his presentation of his claim to the Twelfth District.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis to determine whether a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

2010) (*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001); *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In this case, Ohio has a procedural rule requiring the attachment of commitment papers to habeas petitions. *Boyd v. Money*, 82 Ohio St. 3d 388 (1988). The Twelfth District enforced this requirement against White by dismissing his petition for failure to comply with it (State Court Record, ECF No. 3-2, PageID 57). The rule is an adequate and independent state procedural basis for the court of appeals' judgment in that it enforces a valid state interest in requiring a habeas petition to present the documentation that is the basis of his confinement so that a court can assess it. This is surely not an impossible procedural burden because a petitioner would have been furnished with or could readily acquire copies of the documents grounding his imprisonment.

7

After his state habeas corpus action was dismissed in the Twelfth District, White moved the Court of Appeals to reconsider its decision. When it declined to do so, he appealed from both decisions to the Supreme Court of Ohio. That court dismissed both appeals for lack of jurisdiction, the first because the notice of appeal was untimely and the second because a denial of a motion for reconsideration in an Ohio court of appeals, at least of the type of motion for reconsideration made by White, is not a final appealable order. *State ex rel White v. Richard,* 2018-Ohio-2696. As to this decision, Ohio has a rule requiring that an appeal to the Supreme Court of Ohio be taken within forty-five days of the appellate judgment. Ohio S.Ct. Prac. R. 6.01(A)(1). That rule was enforced against White and is an adequate and independent state basis of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)

White asserts he can overcome these procedural defaults because he has presented a colorable claim that he is actually innocent of his sentence (Petition, ECF No. 3, ¶ 18). In dismissing his appeal, the Supreme Court of Ohio wrote about White's conviction history:

> {¶ 2}White is a state prisoner serving sentences for multiple felony convictions. In 2004, he pleaded guilty to aggravated robbery and robbery, which resulted in a 10-year aggregate sentence. When he committed those offenses, he was on parole from an indefinite sentence of 19 1/2 to 29 1/2 years imposed in 1989 following convictions for, among other offenses, aggravated robbery. When he committed the 1989 offenses, he was on parole from an indefinite sentence of 7 to 25 years for a 1979 conviction for aggravated robbery. And at the time of his 1979 conviction, he was on parole from an indefinite sentence of 10 to 25 years for a 1969 conviction for armed robbery.

*State ex rel White v. Richard, supra.*

In denying his habeas petition, the Twelfth District found that, considering the parole revocations in all these prior cases, "[a]ccording to the Ohio Department of Rehabilitation and Correction, petitioner's aggregate prison sentence is thirty-two to seventy-five years and his

maximum sentence expiration date is October 9, 2047." *State ex rel. White v. Richard,* No. CA2017-05-013 (12th Dist. Jul. 27, 2017) (unreported; copy at ECF No. 3-2, PageID 56).

According to the Supreme Court, "actual innocence [that will excuse procedural default] means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). White has not offered any proof of his factual innocence of any of the crimes for which he stands imprisoned. His argument that Ohio was or is obliged to run all of his sentences concurrently (assuming that is the argument he is still making) does not speak to actual innocence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that this case be transferred to the Sixth Circuit Court of Appeals for that court's determination of whether White should be permitted to proceed on this second-or-successive petition. In the alternative, should the Court disagree with this conclusion, the Magistrate Judge recommends the Petition be dismissed with prejudice as barred by White's procedural defaults in presenting his claims to the Ohio courts. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 24, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

9

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).