# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

                Petitioner,     :     Case No. 3:18-cv-289

    - vs -                              District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                        :

                Respondent.

# TRANSFER ORDER

Petitioner Gregory White brings this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain relief from his imprisonment in Respondent's custody. By amendment to his initial Petition, he alleges that his confinement is pursuant to the judgments of the Clark County, Ohio, Court of Common Pleas in its Case Nos. 79-CR-262 and 89-CR-86, as opposed to Case No. 2005-CR-574 (Objections, ECF No. 5, PageID 71). Because the Magistrate Judge's initial Report in this case was directed to the 2004 conviction, it has been withdrawn (ECF No. 6).

The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases, which provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner pleads one ground for relief:

> **Ground One:** Being detained by Respondent after all maximum sentences have expired in violation of 14th Amendment Due Process Clause.
>
> **Supporting Facts:** Even though my maximum sentences have expired pursuant to Ohio Revised Code § 2929.41(A) respondent retains custody without jurisdiction in violation of [sic] Due Process Clause.

*Id.*. at PageID 40.

White reports that he presented this claim to the Madison County Court of Appeals, which denied relief in its Case No. CA-2017-05-013 on July 27, 2017, and that the Ohio Supreme Court declined appellate review in its Case No. 2017-1326. *Id.* at PageID 40-41. At ¶ 14 of the Petition, White reports he previously filed in this Court, regarding this conviction, a case captioned *White v. Brunsman*, No. 3:07-cv-26, which raised issues under *Blakely v. Washington*, 542 U.S. 296 (2004). *Id*. at PageID 46.

Asked by ¶ 18 of the prescribed form for habeas corpus petitions to explain why his Petition is timely, White writes:

> Petitioner is not challenging the underlying conviction in this case, but only that his maximum sentence has expired. Compare: *Magwood v. Patterson,* 561 U.S. 320, 130 S.Ct. 2788 (2010);
>
> In addition, the State court's precedural [sic] default holdings will not bar relief because accepting petitioner's initial allegation as true, he has presented a colorable claim that he is actually innocent of his sentence which would be a miscarriage of justice.

*Id.* at PageID 48.

**Prior History**

Gregory White has filed two prior habeas corpus cases in this Court. In Case No. 3:07-cv-

026, White complained of his conviction in in Case No. 2004-CR-574, raising *Blakely* issues. District Judge Timothy Black dismissed the Petition in that case with prejudice on July 9, 2010, and White took no appeal. *White v. Brunsman*, 2010 U.S. Dist. LEXIS 68305 (S.D. Ohio Jul. 9, 2010).

White filed a subsequent habeas corpus case in this Court, Case No. 3:15-cv-092, which he does not mention in his instant Petition. That Petition referred to the same underlying Clark County conviction, Case No. 2004-CR-574, but also to an Ohio Adult Parole Authority decision of June 6, 2014 (Case 15-092, ECF No. 1, PageID 1). In that case he pleaded three grounds for relief:

> **Ground One:** Due Process violation in violation of 14th Amendment.
>
> **Supporting Facts:** Even though Petitioner served current ten (10) year sentence in full in case number 04-CR-574 which ended June 30, 2014, Respondent continues to maintain custody of Petitioner presumably for parole violation though no final parole revocation hearing has been ordered or held.
>
> **Ground Two:** Denial of due process – speedy trial rights.
>
> **Supporting Facts:** Respondent assessed Petitioner a three (3) year continuance on June 6, 2014 presumably for a parole violation which in effect was a delayed final revocation hearing which occurred more than nine (9) years after parole violator warrant was executed in violation of *Morrissey v. Brewer; Black Romano; Pollard v. United States,* 352 U.S. 354 (1957); *Barker v. Wingo,* (1972), 407 U.S. 514 and Ohio Revised Code 2967.15(B).
>
> **Ground Three**: Denial of Due Process and Equal Protection under 14th Amendment where Respondent violated separation of Powers Doctrine.
>
> **Supporting Facts:** Although by operation of State law (O.R.C. 2929.41(A)) Petitioner's old and new sentences were to be served concurrently with each other, Respondent re-opened trial court's judgment by causing multiple sentences to be served consecutively with each other without legal authority to do so.

(Petition in 3:15-cv-092, ECF No. 1.) District Judge Thomas Rose dismissed that case with prejudice. *White v. Richards*, 2015 U.S. Dist. LEXIS 134127 (S.D. Ohio Oct. 1, 2015). White appealed and sought a certificate of appealability from the Sixth Circuit, which that court denied in a reasoned opinion. *White v. Richard*, No. 15-4245 (6th Cir. May 9, 2015) (unreported; copy at ECF No. 22 in Case No. 3:15-cv-092).

# Analysis

**The Petition Must Be Transferred to the Circuit Court as Second or Successive**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA") enacted a ban on second or successive habeas corpus petitions unless the circuit court of appeals granted permission to proceed. 28 U.S.C. § 2244(b). The instant Petition is Mr. White's third habeas application related to his Clark County convictions.

However, not every second-in-time or later habeas application is second-or-successive so as to require permission from the circuit court to be heard by a district court. *In re Wogenstahl*, ___ F.3d ___, 2018 U.S. App. LEXIS 25024 at *6-7 (6th Cir. Sept. 4, 2018)[1], citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2017); *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017);. Determination of whether a petition is second or successive must be made in the first instance by the district court. *In re: Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, No. 12-3399, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). District courts have no jurisdiction to decide

---

[1] This is the correct citation to *Wogenstahl* as reported and as it will be published. The citation in the prior Report was to a draft of the final decision.

4

second or successive petitions on the merits. *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). Once a district court determines a petition is second-or-successive, it must transfer the case to the circuit court for that court's determination of whether the case may proceed. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

A habeas petition is not second-or-successive if it raises a claim that was not ripe when the prior petition was filed. *Wogenstahl, supra*, at *6, citing *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010). White's claim that he is being imprisoned beyond the expiration of his sentence could not have been raised at the time of his first petition in 3:07-cv-26, because the claim had not arisen at that time, nor did it arise at any time before dismissal of that case on July 9, 2010. All during the pendency of that case, White was serving the ten-year sentence for his 2004 conviction.

However, the claim had arisen by the time he filed the Petition in Case No. 3:15-cv-092 on March 9, 2015. In fact, it appears that White's First Ground for Relief in the 2015 Petition is the same as or closely parallels his Ground for Relief in this case. If it is the same claim, then it must be dismissed under 28 U.S.C. § 2244(b)(1). But even if it is not the same claim, the claim plainly had arisen when the 2015 Petition was filed because the filing was beyond the expiration of the 2004 ten-year sentence.

Because, at the least, the claim made here was available to White when he filed in 2015, it constituted an abuse of the writ to fail to include it, and its pleading in the instant Petition constitutes an abuse of the writ, requiring a transfer. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). The case should therefore be transferred to the Sixth Circuit.

White disputes this conclusion, asserting "his claims were not ripe when he sought federal habeas relief on the prior occasions. . . ." (Objections, ECF No. 5, PageID 73.) But claims based on the 2014 Parole Board order certainly were ripe when White filed Case No. 3:15-cv-092.

White asserts the AEDPA cannot be applied retroactively to his 1979 and 1989 convictions (ECF No. 5, PageID 73). But he cites no authority for that legal proposition and none is known to the Court. In any event, the AEDPA is not here being applied retroactively to change the legal consequences of something that happened before it was enacted. Rather, it is being applied to determine that habeas challenges to an act – the Parole Authority's June 2014 revocation – must be brought in the first habeas petition filed after that act.

White also argues that the actual innocence "gateway" of *Schlup v. Delo*, 513 U.S. 298 (1995), is available to excuse his procedural defaults (Objections, ECF No. 5, PageID 74). He relies on *Magwood v. Patterson*, 561 U.S. 320 (2010), which held that when a petitioner is challenging a new judgment entered on an old conviction, the petition is not second or successive. But there has been no new judgment or equivalent order in this case since before White filed Case No. 3:15-cv-092.

In the prior Report, the Magistrate Judge wrote:

> According to the Supreme Court, "actual innocence [that will excuse procedural default] means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). White has not offered any proof of his factual innocence of any of the crimes for which he stands imprisoned. His argument that Ohio was or is obliged to run all of his sentences concurrently (assuming that is the argument he is still making) does not speak to actual innocence.

(ECF No. 4, PageID 69). White argues that there are cases excusing a procedural default on the basis of a "miscarriage of justice" standard where petitioner was not required to prove factual innocence (Objection s, ECF No. 5, PageID 75). White cites case where a petitioner was not required to prove actual prejudice from a constitutional error because the error was structural. But that is a different issue. A petitioner must first overcome a procedural default to get a habeas court even to look at the merits of his structural error claim. The fact that he is claiming a structural

defect does not excuse a procedural default.

This discussion is somewhat beside the point, since it does not go to the question now before the Court: is the instant Petition second or successive? Because it challenges a decision of the Adult Parole Authority entered before the 2015 Petition which either was or could have been challenged in that case, the Petition is second or successive and must be transferred to the Sixth Circuit.

The Clerk is ordered to TRANSFER this case to the Sixth Circuit for its decision of whether the case may proceed. To protect White's right to review of this Order by an Article III judge, the Clerk shall delay transfer until the objection period has expired or Judge Rose has overruled any objections, whichever is later.

September 10, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Order within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Order is being served by mail. Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).