# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

              Petitioner,     :     Case No. 3:18-cv-289

   - vs -                               District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution

                                     :

             Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF Nos. 8 and 9) to the Magistrate Judge's Transfer Order, directing transfer of the Petition herein to the United States Court of Appeals for the Sixth Circuit as a second-or-successive habeas application (ECF No. 7). Effectiveness of the Transfer Order was delayed to allow Petitioner to obtain District Judge review of any objections. Judge Rose has now directed the Magistrate Judge to analyze those objections prior to his final review (Recommittal Order, ECF No. 10).

The Transfer Order reasoned that the Petition was attacking the June 6, 2014, decision of the Adult Parole Authority to extend Petitioner's imprisonment beyond the end of the ten-year sentence he completed in 2014 in Case No. 04-CR-574. Petitioner had previously attacked the same Adult Parole Authority decision in habeas corpus Case No. 3:15-cv-092, which ended in dismissal with prejudice and denial of a certificate of appealability in both this Court and the Sixth Circuit. *White v. Richards*, 2015 U.S. Dist. LEXIS 134127 (S.D. Ohio Oct. 1, 2015) (Rose, J.); *cert. app. den.*, *White v. Richard*, No. 15-4245 (6th Cir. May 9, 2015) (unreported; copy at ECF

1

No. 22 in Case No. 3:15-cv-092). Because any constitutional claim attacking the June 2014 Adult Parole Authority decision was available to White when he filed the 2015 habeas application, the present case requires permission from the circuit court to proceed and therefore must be transferred under *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

White first objects that neither the Ohio courts nor the Adult Parole Authority had "subject-matter jurisdiction to act as it [sic] has in this case." (Objections, ECF No. 8, PageID 96.) Relying on *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), and *Mansfield, C & L.M.R. Co. v. Swan*, 111 U.S. 379 (1884), White asserts that this Court must determine the jurisdiction of the Ohio courts and Parole Authority before passing on to the second-or-successive question, which he regards as a "standing issue." *Id.*

It is certainly correct that, if White were being held on a decision rendered by a state entity that did not have jurisdiction, his habeas corpus claim would have merit. *Ex parte Siebold*, 100 U.S. 371 (1879); *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873). But before a district court can reach that merits question, it must examine its own jurisdiction. A federal court is obliged to note lack of subject matter jurisdiction *sua sponte*. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Clark v. United States*, 764 F. 3d 653 (6th Cir. 2014); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009). District courts have no subject matter jurisdiction to decide the merits of second or successive habeas petitions. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465 (6th Cir. 2016).

*Steel Co.* is not to the contrary. In that case the Supreme Court held that

> Every federal appellate court has a special obligation to "satisfy itself not only of its own jurisdiction, but also that of the **lower courts** in a cause under review," even though the parties are prepared to concede it. *Mitchell* v. *Maurer*, 293 U.S. 237, 244, 79

2

> L. Ed. 338, 55 S. Ct. 162 (1934). See *Juidice* v. *Vail*, 430 U.S. 327, 331-332, 51 L. Ed. 2d 376, 97 S. Ct. 1211 (1977) (standing). "And if the record discloses that the lower court was without jurisdiction this court will notice the defect, although the parties make no contention concerning it. [When the lower federal court] lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *United States* v. *Corrick*, 298 U.S. 435, 440, 80 L. Ed. 1263, 56 S. Ct. 829 (1936) (footnotes omitted)[;] *Arizonans for Official English* v. *Arizona*, 520 U.S. 43, 137 L. Ed. 2d 170, 117 S. Ct. 1055, 1997 U.S. LEXIS 1455, *55 (1997), quoting from *Bender* v. *Williamsport Area School Dist.*, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986) (brackets in original).

523 U.S. at 95 (emphasis supplied). The courts of a State whose judgment is under attack in a habeas case are not "lower" courts, and a federal district court exercising habeas corpus jurisdiction is not sitting to hear an appeal from those courts. Rather, we have jurisdiction to hear a collateral attack on a state criminal judgment when it is imposed unconstitutionally. 28 U.S.C. § 2241, 2254(a).

White's substantive argument is that "Ohio Revised Code § 2929.41(A) amended and repealed O.R.C. § 2929.41(B)(3) once the petitioner was sentenced to the 10 year judgment on December 9, 2004 in case number 2004-CR-574 rendering his consecutive sentences concurrent sentences which expired no later than June 15, 2014." (Objections, ECF No. 8, PageID 96.) The point of the Transfer Order is that this substantive argument was available to White when he filed his prior habeas case, No. 3:15-cv-092. To make that substantive argument now, White requires permission of the Sixth Circuit.

In his Supplemental Objections (ECF No. 9), White asserts he could not have brought his current claim in 2015 because he had not yet exhausted available state court remedies. *Id.* at PageID 100. While White does not describe in his Objections what those unexhausted remedies were, he attached to his Petition decision of the Twelfth District Court of Appeals dismissing his

May 2017 petition for an Ohio writ of habeas corpus (*State ex rel. White v. Richard*, 12th Dist. Madison No. CA2017-05-013, Jul. 27, 2017, copy at ECF No. 3-2, PageID 56-57), and the decision of the Supreme Court of Ohio dismissing his appeal from that decision. *State ex rel. White v. Richard*, 153 Ohio St. 3d 277, 2018-Ohio-2696. In the procedural history section of the Report and Recommendations in the 2015 case, the Magistrate Judge noted:

> Regarding his continued incarceration after expiration of his 2004 sentence, White filed a mandamus action in the Ohio Court of Appeals November 16, 2010, and a state habeas petition in the Court of Appeals on January 11, 2013, both unsuccessful on procedural grounds.
>
> On May 27, 2014, shortly before expiration of his 2004 sentence, White received a parole hearing after which the Parole Board continued his incarceration for at least an additional three years and set a next review date for May 1, 2017. Contending that the May 2014 hearing was in fact a final parole revocation hearing, White unsuccessfully sought habeas corpus relief from the Ohio Supreme Court.

(Case No. 3:15-cv-092, ECF No. 12, PageID 265.) Thus, White had already filed state mandamus and habeas corpus actions before he filed in this Court in 2015. The fact that he again sought state habeas relief after losing in this Court and the Sixth Circuit does not mean his present claim was not available to him in 2015.

In Ohio, mandamus is available to compel the Adult Parole Authority to do non-discretionary duties, e.g., under *Morrissey v. Brewer*, 408 U.S. 471 (1972), *citing State ex rel. Atkins v. Denton*, 63 Ohio St. 2d 192 (1980); *State ex rel. Ferguson v. Ohio Adult Parole Authority,* 45 Ohio St. 3d 355 (1989); *State ex rel. Jackson v. Denton*, 5 Ohio St. 3d 179 (1983). Habeas is available to test a parole action when it results in person's being confined after jurisdiction over him has expired. *Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), citing *In re Anderson*, 55 Ohio App. 2d 199 (8th Dist. 1978). Habeas corpus rather than mandamus is the appropriate action for

persons claiming entitlement to immediate release from prison. *State ex rel Lemmon v. Ohio Adult Parole Auth.,* 78 Ohio St. 3d 186, 188 (1997); *State ex rel Pirman v. Money*, 69 Ohio St. 3d 591, 594 (1994). But there is no suggestion in Sixth Circuit case law that an Ohio prisoner must file successive state mandamus or habeas petitions to exhaust state court remedies. Nor is there case law holding that a prisoner can bypass the gatekeeping requirements of 28 U.S.C. § 2244(b) by filing such successive state actions.

Of course, if the Sixth Circuit should in this particular case disagree with this analysis, they can deny as unnecessary White's motion for permission to proceed and remand the case for consideration of the merits. But if this Court were to proceed to the merits and the Sixth Circuit later found this was a second or successive petition, and therefore, that this Court lacked jurisdiction, a waste of judicial effort would have occurred.

**Conclusion**

Having reconsidered the matter on recommittal, the Magistrate Judge remains persuaded that this case must be transferred to the Sixth Circuit for consideration under 28 U.S.C. § 2244(b).

September 27, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).