# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY G. WHITE,

           Petitioner,           :    Case No. 3:18-cv-289

   - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution
                               :
           Respondent.

# SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Supplemental Report and Recommendations recommending transfer to the Sixth Circuit ("Supplemental Report,"ECF No. 11). District Judge Rose has again recommitted the case for reconsideration in light of these newest Objections (ECF No. 15).

White first objects that there is no legitimate state interest in finding that he has procedurally defaulted (Objections, ECF No. 14, PageID 117). No such finding was made in the Supplemental Report. Procedural default is a merits question this Court cannot reach until the Sixth Circuit has granted permission to proceed.

White cites numerous Supreme Court cases dealing with whether a district court should allow a second petition, but all of those cases were handed down before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). Prior to the AEDPA, there was no statutory limit on the numbers of habeas cases a petitioner could file attacking the same state court judgment. It was the AEDPA which first

adopted that limitation as a matter of statutory law.  After AEDPA a district court no longer has discretion to allow a second or successive petition; only the circuit court can do that.

White's second objection is that he is now being held on "new" charges on which he did not have an opportunity to defend which he says constitutes a miscarriage of justice (PageID 120-21).  But there is no miscarriage of justice exception to the requirement of obtaining circuit court permission to proceed on a second or successive petition.

Because the instant Petition is second or successive, it must be transferred to the Sixth Circuit for that court to decide whether White may proceed.

October 22, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).